IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERCEPT PHARMACEUTICALS, INC., | Civil Action No. 1:14-cv-1313-RGA |
| Plaintiff, | |
| v. | |
| STEFANO FIORUCCI, | |
| Defendant. | |

MEMORANDUM OPINION

Thomas C. Grimm, Esq., MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Jeremy A. Tigan, Esq., MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Ivor Elrifi, Esq., COOLEY LLP, New York, NY; Jonathan Bach, Esq., COOLEY LLP, New York, NY; Scott A. Sukenick, Esq., COOLEY LLP, New York, NY; Ellen A. Scordino, Esq., COOLEY LLP, Boston, MA.

  Attorneys for Plaintiff

George Pazuniak, Esq., O'KELLY & ERNST, LLC, Wilmington, DE; Glen M. Diehl, Esq., DIEHL LAW LLC, Watchung, NJ.

  Attorneys for Defendant

January 20, 2017

**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court are Plaintiff's Motion to Dismiss Counterclaims (D.I. 67) and related briefing (D.I. 75, 78) and Defendant's Motion for Leave to File an Amended Pleading (D.I. 84) and related briefing (D.I. 85, 91, 94).

For the reasons set forth below, Plaintiff's Motion to Dismiss Counterclaims (D.I. 67) is **GRANTED**. Defendant's Motion for Leave to File an Amended Pleading (D.I. 84) is **GRANTED**.

### I. BACKGROUND

Plaintiff initiated this action on October 15, 2014 seeking injunctive and declaratory relief related to the ownership and assignment of certain intellectual property as well as monetary damages for Defendant's alleged breaches of a Termination Agreement. (D.I. 1). On March 3, 2016, almost a full year after the deadline for amendments imposed by the Court's scheduling order (D.I. 20, ¶2), Plaintiff, with Defendant's consent, filed a First Amended Complaint adding counts for conversion, unjust enrichment, and additional counts related to breaches of various agreements between the parties. (D.I. 62). Defendant filed an Answer to the Amended Complaint and Counterclaims on April 4, 2016. (D.I. 64). Plaintiff timely filed a Motion to Dismiss. (D.I. 67). On September 14, 2016, Defendant filed a Motion for Leave to File an Amended Pleading, seeking to amend three of his Affirmative Defenses. (D.I. 84).

### II. DISCUSSION

**A. Plaintiff's Motion to Dismiss Counterclaims**

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6)

motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In order to survive this motion to dismiss Defendant's counterclaims of inventorship and patent ownership, Defendant must allege facts that would allow me to draw the reasonable inference that Defendant contributed to the conception and reduction to practice of the inventions. Defendant fails to meet this standard. Defendant's counterclaims are simply conclusory statements amounting to a recitation of the legal requirements for patent inventorship and ownership and are

2

unsupported by any pleaded facts. In fact, Defendant points to nothing in his pleading that provides support for his "bald assertions." Instead, Defendant points to his interrogatory responses, which constitute extraneous information that I will not consider for the purposes of this 12(b)(6) motion. (D.I. 75 at 3).

Because I find that Defendant's pleading is insufficient, I will not address Plaintiff's additional arguments. (D.I. 67 at 4-6). Defendant purports to request leave to amend in his Opposition to the Motion to Dismiss. (D.I. 75 at 5). I decline to rule on any Motion to Amend until I am presented with such a motion in compliance with Local Rule 15.1, however.

**B.      Defendant's Motion for Leave to File an Amended Pleading**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Leave to amend "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. The decision to grant or deny leave to amend lies within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. Furthermore, when a pleading deadline imposed by a scheduling order has passed, a party seeking to amend must show "good cause" to modify the deadlines. Fed. R. Civ. P. 16(b)(4).

Plaintiff has not argued that it would suffer any prejudice if the amendment is allowed. Rather, Plaintiff argues futility and lack of good cause. (D.I. 91 at 6). While it may well turn out

3

that the amendment is futile, it is difficult to draw that conclusion at this stage of the proceedings where the argument rests on interpretation of various agreements between the parties. (D.I. 91 at 7). Furthermore, Plaintiff's good cause argument lacks force given its own belated amendment, to which Defendant consented. In the absence of any prejudice to Plaintiff, I see no reason to deny Defendant's motion to amend.

### III.    CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Dismiss Counterclaims is **GRANTED.** Defendant's Motion for Leave to File an Amended Pleading is **GRANTED.**

An appropriate order will be entered.